## Million v. Congleton, et al.

(Decided March 12, 1914.)

### Appeal from Lee Circuit Court.

Vendor and Purchaser—Deeds—Construction of.—The interest that a vendee takes is limited by the terms of the deed under which he holds, and when there is excluded from the deed certain land, the vendee does not acquire any interest in the exclusion.

BURNAM & BURNAM and H. L. WHEELER for appellant.

O'REAR & WILLIAMS, J. K. ROBERTS and G. W. GOURLEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Whether the appellant, Ida B. Million, owns an undivided one-half interest, or any interest, in a tract of 199 acres of land, the timber on which is claimed by the appellees, Congleton, is the only question in the case, and the solution depends on the construction of certain deeds and other instruments contained in the record.

In 1885, Thomas Million, the father of the appellant, Ida B. Million, acquired the title to a tract of land containing 199 acres by a conveyance from Isaacs & Wilson. In November, 1887, Million sold 100 acres of this land to Gray & Isaacs, giving them a title bond containing an agreement to convey the land by a deed when the purchase price was paid. In April, 1888, Thomas Million conveyed to E. C. Million the undivided one-half of certain lands described in the deed. In so far as it relates to the land in question the deed reads as follows:

"There is 57 acres of said tract that is covered by an older patent and 8 acres in addition is under fence, agreed, now in the possession of Silas Gray, making in all 65 acres deducted out of said patent, which call for 250 acres and has by survey 264 acres, which leaves 199 acres. And now 100 acres has been sold out of the 199 acres, which leaves 99 acres in this tract."

In 1894, Million executed a mortgage to J. A. Fretwell, conveying to him an undivided one-half interest in several tracts of land, one of them being the 199 acres heretofore mentioned. Fretwell assigned this mortgage to Maupin, who brought suit to enforce it, and at a sale, under the decree, Maupin became the purchaser of all the land covered by the mortgage.

Thereafter E. C. Million, to whom Thomas Million had conveyed the interest mentioned in the 199 acres, and Maupin who became the purchaser at the decretal sale of the other interest, conveyed their intrests to Congleton. And under this chain of title Congleton claims the 199 acres.

In 1910, Thomas B. Million conveyed to Ida B. Million an undivided one-half of the 199 acres, the deed reciting that ''there is excepted and excluded from the above boundary a tract of 99 acres which has been heretofore deeded to E. C. Million by the parties of the first part, and which deed is dated the 5th day of April, 1888,'' and it is under this deed that she claims an interest in the land.

The assignment on the title bond to Ida B. Million appears from the indorsement to have been made in 1908; but Isaacs testifies that he let Million have the land back within twelve months after the purchase in 1887, and says he was under twenty-one years old in 1887 and that he never saw this title bond until 1911, when he signed his name to the endorsement on the back of it. Gray says that he never saw the title bond until 1911; that he did not know anything about the title bond or that he had a title bond; that the land was sold to Isaacs and not him, and that Isaacs gave it back to Million within six or twelve months after the date of the title bond. But, however this may be, it is not important when the title bond was assigned to Ida B. Million, because all agree that in about a year after its execution the land covered by it was surrendered back to Thomas Million.

There is quite a difference between counsel as to the quantity of land conveyed by Thomas Million to E. C. Million, counsel for Ida B. Million saying that under the deed to him E. C. Million took only one-half of 99 acres, excluding the 100 acres that had been theretofore conveyed by title bond to Gray & Isaacs; while counsel for Congleton contend that the fair construction of the words ''and now 100 acres has been sold out of the 199 acres, which leaves 99 acres'' means that the grantor had sold to E. C. Million 100 acres, reserving to himself 99 acres. As a few months before this deed to E. C. Million was made Thomas B. Million sold 100 acres of the 199 acres to Gray & Isaacs, there would be much force in the argument that he intended to except from the deed to E. C. Million this 100 acres of land and only convey to him one-half of the 99 acres, or 49½ acres, except for the

clause in the deed made by Thomas B. Million to Ida B. Million reading "there is excepted and excluded from the above boundary a tract of 99 acres which has heretofore been deeded to E. C. Million by the parties of the first part, and which deed is dated the 5th of April, 1888." In this clause we find Thomas B. Million construing the meaning of the somewhat ambiguous clause in the deed made by him to E. C. Million to mean that he had conveyed to Million 99 acres. But whatever interest Thomas B. Million conveyed to E. C. Million, it is very clear that Ida B. Million did not get any part of the 99 acres that had been sold to E. C. Million, as this was expressly excepted from her deed.

This being the case, it only remains to be seen whether Ida B. Million, under the deed made to her, acquired any interest in the remainder of the tract. In 1894 Thomas Million mortgaged to Fretwell an undivided one-half of the 199 acres, and the land covered by this mortgage came into the ownership of Congleton under the conveyances heretofore mentioned; so that the deed to Ida B. Million did not convey to her any land, as all the land it purported to convey had theretofore been conveyed to Fretwell and through him to Congleton. The rights of Ida B. Million are of course limited to the land described in her deed, and when there is excluded from this deed the 99 acres sold to E. C. Million and the undivided one-half of the 199 acres mortgaged to Fretwell, it is manifest that she has no interest in this land whatever.

It is suggested that E. Hogg owned an interest in this land and that he should have been made a party to the suit and that the court committed error in sustaining a demurrer to the petition of Ida B. Million seeking to bring Hogg into the case, but we do not see how this action of the court prejudiced the rights of Ida B. Million. Of course if Hogg has an interest in this land, this litigation does not estop him from asserting it.

The judgment is affirmed.